12-2866-cv
*Rosioreanu v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

PIERRE N. LEVAL,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges.*

─────────────────────────────

CLEOPATRA ROSIOREANU,

*Plaintiff-Appellee,*

v.                                                            No. 12-2866-cv

CITY OF NEW YORK,

*Defendant-Appellant,*

JAMES MAHANEY, ROY DURIG,

*Defendants.*

─────────────────────────────

**FOR DEFENDANT-APPELLANT:**          ELLEN S. RAVITCH (Pamela S. Dolgow, Eric Eichenholtz, Amy J. Kessler, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

**FOR PLAINTIFF-APPELLEE:**                    CLEOPATRA ROSIOREANU, *pro se*,
                                               Astoria, NY.


Appeal from an order of the United States District Court for the Eastern District of New York (Lois Bloom, *Magistrate Judge*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** with instructions to enter judgment as a matter of law in favor of the City of New York.


Defendant-appellant City of New York (the "City") appeals from an order denying its renewed motion for judgment as a matter of law or a new trial, filed pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure, following a jury trial in which plaintiff-appellee Cleopatra Rosioreanu prevailed on her retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### A.

This Court reviews *de novo* the denial of a Rule 50(b) motion, reviewing the evidence in the light most favorable to the non-moving party. *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008). When considering the evidence associated with a Rule 50(b) motion, the trial court may not "weigh evidence, assess credibility, or substitute its opinion of the facts for that of the jury," *Vt. Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 277 (2d Cir. 1996), and may grant the motion only when there is "either an utter lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or the evidence [is] so overwhelming that reasonable and fair-minded persons could only have reached the opposite result," *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 112 (2d Cir. 1996) (internal quotation marks and citation omitted).

### B.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show (1) that she was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action. *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006).

In *Galdieri-Ambrosini v. National Realty & Development Corporation*, 136 F.3d 276 (2d Cir. 1998), we ruled that "implicit in the requirement that the employer [was] aware of the protected activity is the requirement that the [employer] understood, or could have reasonably understood," that the plaintiff's complaints, constituting the protected activity, were based on conduct prohibited by Title VII. *See id.* at 292. In particular, we upheld a district court's grant of a Rule 50(b) motion because the female plaintiff's complaints[1] "did not state that [she] viewed [a male supervisor's] actions as based on her gender, and there was nothing in her protests that could reasonably have led [the company] to understand that that was the nature of her objections." *Id.*

Here, as in *Galdieri-Ambrosini*, no evidence presented at trial permitted a jury reasonably to infer that the City had notice (or should have had notice) that Rosioreanu believed that the conduct of which she complained was based on her sex. As the District Court noted, Rosioreanu had not "explicitly refer[red] to gender" or sex discrimination in those complaints, nor was any "quintessentially gender-based conduct" involved. Special App'x 18. Put another way, Rosioreanu's complaints could easily have described a conflict between co-workers of any sex—regardless of the presence or absence of discriminatory animus—and, in these circumstances, we cannot agree with the District Court that the jury could infer that Rosioreanu's complaints related to sex discrimination as a matter of "credibility."

Although this case arguably presents a closer set of circumstances than *Galdieri-Ambrosini*, the evidence was not sufficient for a jury to conclude that the City had notice (or should have had notice) that Rosioreanu believed that the conduct of which she complained was based on her sex.

## CONCLUSION

Accordingly, the District Court's judgment is **VACATED** and the cause is **REMANDED** for entry of judgment as a matter of law in favor of the City of New York. Because the City of New York seeks a new trial solely as alternative relief regarding damages, we do not order a new trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Specifically, the plaintiff in *Galdieri-Ambrosini* complained to her supervisors that (1) two other female employees were "slackers," and (2) she "ha[d] to do work on [a male supervisor's] personal matters." *Galdieri-Ambrosini*, 136 F.3d at 292.

3